IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-63,175-04, -05, & -06






EX PARTE JOHN TSCHOEPE, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS IN


CAUSE NOS. 02-11-0293-CRA, 02-11-0295-CRA, 02-11-0296-CRA


IN THE 81ST DISTRICT COURT OF ATASCOSA COUNTY






 Per curiam.



O R D E R




 These are post-conviction applications for writ of habeas corpus filed pursuant to
Article 11.07, § 3, TEX.CODE CRIM.PROC. Applicant was convicted of aggravated
sexual assault and two counts of indecency with a child. Punishment was assessed at
confinement for eighty years and for fifteen years, respectively. Appeals were dismissed
because notice was untimely. Tschoepe v. State, Nos. 04-03-755-CR, 04-03-756-CR, and
04-03-757-CR (Tex.App. - San Antonio, delivered December 10, 2003, no pet.). 

 Applicant contends that his counsel failed to give timely notice of appeal because
she filed the notices one day late. The State has filed no response and the trial court has
made no findings of fact.

 It is the Court's opinion that additional facts need to be developed and that the trial
court is the appropriate forum. Therefore, the trial court is ordered to obtain an affidavit
from Applicant's counsel addressing Applicant's factual allegations, and to allow
Applicant an opportunity to tender any other affidavits to support his allegations. 
Alternatively, the trial court may conduct an evidentiary hearing at which Applicant
would have an opportunity to prove his allegations, and the trial court is not limited to the
above issues if the court believes other facts relevant to the legality of Applicant's
confinement should be determined.

 The trial court should then make findings of fact as to specifically what Applicant's
trial counsel advised him as to his appellate rights, whether Applicant ever indicated a
desire to appeal this conviction, and whether counsel was responsible for the failure to
give timely notice of appeal. See Ex parte Axel, 757 S.W.2d 369 (Tex.Cr.App. 1988). 
The court may also make findings of fact as to any other matters the court deems relevant
to the legality of Applicant's confinement.

 If an evidentiary hearing is conducted, and Applicant is found to be indigent at the
time of the hearing, the trial court shall ensure that Applicant is represented by counsel
unless such is affirmatively waived.

 Since this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d 294
(Tex.Cr.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. Any hearing
conducted pursuant to this order shall be held within 90 days of the date of this order. (1) 
The trial court's findings of fact, any affidavits or transcription of the court reporter's
notes, and any other supplementation of the record shall be returned to this Court within
120 days of the date of this order. (2)

DELIVERED: March 22, 2006

DO NOT PUBLISH
1. In the event any continuances are granted, copies of the order granting the continuance should be provided to
this Court.
2. Any extensions of this time period should be obtained from this Court.